```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

DAROFF DESIGN, INC. and DDI,     )
ARCHITECTS, PC,                  )
                                 )
             Plaintiffs,         )
                                 )      Civil No. 2014-74
        v.                       )
                                 )
THE NEIGHBORHOOD ASSOCIATION,    )
INC.,                            )
                                 )
             Defendant.          )
                                 )
```

ATTORNEYS:

**Ravinder Nagi, Esq.**
**Mark Alan Kragel, Esq.**
Bolt Nagi PC
St. Thomas, U.S.V.I.
   *For the plaintiffs,*

**Maria Hodge, Esq.**
Hodge & Hodge
St. Thomas, U.S.V.I.
   *For the defendant.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of the Neighborhood Association, Inc. to set aside the default entered against it and accept its June 23, 2015 answer and counterclaim as timely filed.

Daroff Design, Inc. and DDI Architects PC (collectively, "DDI") are corporations incorporated in Pennsylvania. They each maintain their principal places of business in Philadelphia,

*Daroff Design, Inc. et. al. v. The Neighborhood Association, Inc.*
Civil No. 2014-74
Order
Page 2

Pennsylvania. DDI provides architectural and interior design services.

The Neighborhood Association, Inc. (the "Association") is a corporation incorporated in the U.S. Virgin Islands. The Association has its principal place of business in the U.S. Virgin Islands. The Association is an association of owners of fractional memberships at the Ritz Carlton in St. Thomas.

On August 26, 2014, DDI filed a six-count complaint against the Association in this Court. The Association then filed a motion to dismiss DDI's complaint. That motion was denied on May 8, 2015. On June 23, 2015, the Association filed its answer to DDI's complaint and a counterclaim.

On March 31, 2016, the Court found that the Association was in default because it had failed to file a timely answer to the complaint. In addition, the Court dismissed the Association's counterclaim as untimely.

The Association now asks the Court to set aside the default and accept the Association's June 23, 2015 answer and counterclaim as timely filed.

In their motion, the Association argues, in part, that the Court should accept its answer and counterclaim because: (1) counsel for the Association was not on notice of the Court's May 8, 2015, order denying the motion to dismiss until June 9, 2015;

*Daroff Design, Inc. et. al. v. The Neighborhood Association, Inc.*
Civil No. 2014-74
Order
Page 3

and (2) the Association filed its answer and counterclaim within 14 days of receiving notice of the Court's May 8, 2015, order.

In support of its argument, the Association has adduced a statement by its former counsel, signed under penalty of perjury. (*See* ECF No. 72.) In that statement, counsel asserts that he was not aware of the Court's March 8, 2015, order until June 9, 2015. (*Id.* at ¶ 6.) On that date, he received an email from DDI's counsel with a draft scheduling order, which referenced another unreceived court order that required the parties to meet and confer on a scheduling order. (*See id.* at ¶¶ 6-8.) He immediately logged on to the ECF system and checked the docket for this case. (*Id.* at ¶ 7.) At that time, he viewed the Court's Match 8, 2015, order, which had not previously been received by him[1] and of which he had no prior notice. (*Id.* at ¶¶ 8-9.)

Federal Rule of Civil Procedure 12, in pertinent part, provides that:

> Unless the court sets a different time, serving a motion [to dismiss] under this rule alters these periods as follows:
>
> **(A)** if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action . . . .

---

[1] This contention is consistent with the Court's own records, which indicate that notification of the order was only sent to counsel for DDI.

*Daroff Design, Inc. et. al. v. The Neighborhood Association, Inc.*
Civil No. 2014-74
Order
Page 4

Fed. R. Civ. P. 12((a)(4)(A).

    The premises considered; it is hereby

    **ORDERED** that the Court's March 31, 2016, order is **VACATED** insofar as it dismissed the Association's counterclaim; and it is further

    **ORDERED** that the Association's June 23, 2015, answer and counterclaim is **REINSTATED.**


                                                **S\_____**
                                                      **Curtis V. Gómez**
                                                      **District Judge**